UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANTONIO LEE SMITH** <br> REG. # 54872-019 | : | CIVIL ACTION NO. 2:15-cv-2361 <br> SECTION P |
| **VERSUS** | : | JUDGE JAMES |
| **BECKY CLAY** | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus [docs. 8, 16] filed pursuant to 28 U.S.C. § 2241 by Antonio Lee Smith. Smith is an inmate in the custody of the Bureau of Prisons ("BOP") and receives mail at the Residential Reentry Management field office in Atlanta, Georgia.[1] His petition was filed, however, while he was incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### I.
#### BACKGROUND

Smith was convicted in the United States District Court for the Northern District of Georgia of one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). *United States v. Smith*, No. 1:03-cr-0418 (N.D. Ga. Mar. 8, 2004). On March 8, 2004, he was

---

[1] A search of the BOP's inmate locator reveals that Smith is still incarcerated as the date of this report and recommendation, with anticipated release date of December 4, 2018. Accordingly, his challenge to custody under § 2241 may still be reviewed.

-1-

sentenced to an enhanced term under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), of 210 months' imprisonment, which was affirmed by the United States Court of Appeals for the Eleventh Circuit on June 23, 2005. *Id.* at docs. 52, 66. He then filed a pro se § 2255 motion to vacate in the trial court on October 20, 2006. *Id.* at doc. 67. The court denied that motion on February 20, 2007, and the trial court and Eleventh Circuit both denied Smith's requests for a certificate of appealability. *Id.* at docs. 70, 76, 84. Smith then filed a second pro se § 2255 motion on April 21, 2016, seeking relief under the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Id.* at doc. 88. After the Eleventh Circuit granted him permission to file the second § 2255 motion, Smith filed an amended motion through counsel. *Id.* at docs. 91, 93. No decision has been rendered yet on that motion.

Prior to pursuing relief through his second § 2255 motion, however, Smith also asserted his claims under *Johnson* through a petition for writ of habeas corpus filed in the Northern District of Georgia. *Smith v. United States*, No. 1:15-cv-2877 (N.D. Ga. Sep. 10, 2015). The court transferred the case to this district because Smith was then incarcerated at FCIO, thus establishing our exclusive jurisdiction over his § 2241 petition. Doc. 2. Smith was appointed counsel under this court's standard procedural order for cases seeking relief under *Johnson*, and the case was stayed in order to allow the Office of the Federal Public Defender and the United States Attorney's Office to submit a proposed resolution to the case. Docs. 17, 18. On August 22, 2018, the court lifted the stay and set response/reply deadlines for the respondent and Smith. Doc. 22. The respondent has answered, urging that the petition should be dismissed for lack of jurisdiction and that the claims should instead be litigated in the pending § 2255 motion in the Northern District of Georgia. Doc. 23. Smith did not file a reply, and his counsel instead withdrew on October 18, 2018. Docs. 24, 25. Accordingly, the matter is now ripe for review.

## II.
## LAW & ANALYSIS

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Smith alleges error based on his sentencing enhancement under § 924(e). Such attacks are generally limited to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Tolliver*, 211 F.3d at 877–78. Habeas relief based on a collateral attack to a federal conviction is only appropriate under § 2241 if the petitioner can satisfy § 2255's "savings clause."

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, the petitioner must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed

by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

The respondent does not challenge that *Johnson* may provide some avenue for relief to Smith under his pending motions in Georgia. Instead it asserts that Smith cannot show that § 2255 is "inadequate or ineffective" because he currently has *Johnson* claims pending through his § 2255 motions filed in the Northern District of Georgia. Doc. 23, p. 7. Accordingly, it maintains, this petition should instead be construed as another § 2255 motion improperly filed in this court. *Id.* Additionally, the respondent asserts, Smith cannot satisfy the savings clause because his challenge relates to a sentencing enhancement under 18 U.S.C. § 924(e), rather than his conviction under § 922(g).

As this court has repeatedly noted, a pending § 2255 motion seeking relief on the same grounds prevents a petitioner from showing that § 2255 is "inadequate or ineffective" to test the legality of his detention. *Senegal v. Warden*, 2017 WL 3881815, at *2 (W.D. La. Aug. 7, 2017), report and recommendation adopted, 2017 WL 3881130 (W.D. La. Sep. 1, 2017) (collecting cases). Additionally, the Fifth Circuit has repeatedly held that a case relating to a sentencing enhancement does not meet *Reyes-Requena*'s requirement of showing that the petitioner "may have been convicted of a nonexistent offense." *Maddox v. Maye*, 455 Fed. App'x 435, 437 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000)); *see, e.g.*, *Nolan v. Wilson*, 2018 WL 2441954 (N.D. Tex. May 31, 2018) (holding that *Johnson* § 2241 petition did not satisfy savings clause). Accordingly, Smith cannot satisfy the savings clause and this court is without jurisdiction to review his claims under § 2241.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 2nd day of November, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE